Filed 10/26/21  P. v. Patterson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B310805 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA097642) |
| v. | |
| SARA SONG PATTERSON, | |
| Defendant and Appellant. | |

THE COURT:

Sara Song Patterson (appellant) pleaded no contest to two counts of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1))[1] and two counts of identity theft (§ 530.5. subd. (a)).  She admitted that a 2008 robbery conviction qualified as a serious and/or violent felony under the "Three Strikes" law.  (§§ 667, 1170.12.)  In addition, she admitted to engaging in a pattern of two or more related felony crimes which resulted in a loss

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

exceeding $100,000. (§ 186.11, subd. (a)(3).) At sentencing, the strike prior was stricken pursuant to the plea agreement. The trial court imposed the upper term of three years on one grand theft charge, plus an additional year under section 186.11, subdivision (a)(3). On each of the remaining three counts, it imposed consecutive eight-month terms.

About a month later, the parties stipulated to victim restitution of $4,956. The trial court imposed the agreed restitution pursuant to section 1202.4, subdivision (f). In addition, it imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b).

In the beginning of 2021, appellant filed a petition to modify the restitution order pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 92), a bill that added, amended or repealed various statutes related to fees imposed by the courts on defendants following conviction. The trial court summarily denied appellant's motion.

This appeal followed.

Appointed counsel filed a brief that raised no issues regarding the denial of appellants' petition and, instead, requested that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). He declared: "I have written to appellant and explained my evaluation of the record on appeal and my intention to file [a *Serrano* brief]. I have also informed appellant of her right to file a supplemental brief and warned her that her appeal could be dismissed. I have also sent appellant the transcript of the record on appeal and a copy of this brief."

This matter was submitted on June 21, 2021.

We vacated submission on August 9, 2021, because appointed counsel did not inform appellant that she had 30 days to file a supplemental brief.[2]

To reset the clock, we sent appointed counsel a letter on August 9, 2021, stating: "Appointed counsel is directed to send the record of this appeal and a copy of appellant's brief immediately. Also, appointed counsel must inform appellant that she has the right, within 30 days from the date of this notice, to submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that she wishes this court to consider. Finally, appointed counsel is directed to provide the court with proof of compliance with this letter and the requirements set forth in [*Cole*]." We served appellant with a copy of our letter.

Appointed counsel did not serve proof of compliance with our letter and *Cole*. The 30 days have passed and appellant has not filed a supplemental brief.

Despite appointed counsel's noncompliance with our letter, we conclude that appellant has had sufficient notice of her rights. In his declaration, appointed counsel indicated that he previously sent appellant a copy of the record and his brief and told her she could file a supplemental brief. Our letter to appointed counsel was served on appellant and indicated that the deadline was 30 days from August 9, 2021. Under the circumstances, the spirit of *Cole* has been satisfied.

---

[2] In *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted October 14, 2020, S264278 (*Cole*), we held that "at the time counsel files the brief, counsel must (1) inform his or her client that the client has the right to file a supplemental brief to the Court of Appeal within 30 days, and (2) provide the client with a copy of counsel's brief."

Pursuant to *Serrano,* we do not independently review appeals seeking postjudgment relief. (*Cole, supra,* 52 Cal.App.5th at pp. 1039–1040; see *Serrano*, *supra*, 211 Cal.App.4th at p. 503.) Our only role is to review arguments set forth in a supplement brief, if one is filed. (*Cole*, *supra*, at p. 1039.) In the absence of a supplemental brief, we exercise our discretion to dismiss this appeal as abandoned. (*Cole,* at p. 1040; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135, review granted Mar. 17, 2021, S266853.)

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.